# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-30985
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MICHAEL JOHN KELLER

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CR-10022-2

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael John Keller appeals following his guilty plea convictions for conspiracy to possess with intent to distribute methamphetamine (Count 1) and possession of a firearm in connection with a drug trafficking offense (Count 11). Keller argues that the district court erred by unilaterally reinstating his conviction on Count 11 after the Government had moved to dismiss that count. He also argues that the district court failed to adequately explain its reasons for the sentence imposed on Count 11.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court's minute entry did not specify whether it relied on FED. R. CRIM. P. 35 or 36 to correct its dismissal of Count 11.  However, under either rule, we conclude that the full record indicates that the intent of the parties was for Keller to plead guilty to and be sentenced on Counts 1 and 11; as intended, Keller pleaded guilty and was sentenced on those counts.  The Government's subsequent motion to dismiss Count 11, and the district court's grant of the motion, constituted clear error subject to correction by the district court.  See FED. R. CRIM. P. 35(a).

Keller also briefly argues that the district court failed to comply with 18 U.S.C. § 3553(c) by not adequately explaining its five year sentence of imprisonment for Count 11.  Because Keller did not object on this basis below, we review for plain error.  See United States v. Peltier, 505 F.3d 389, 391-92 (5th Cir. 2007), cert. denied, 2008 WL 227315 (Jun. 23, 2008).  In Rita v. United States, 127 S. Ct. 2456, 2468 (2007), the Supreme Court held that "[t]he sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."  This court has held the requirement of a statement of reasons for a particular sentence is satisfied when the district court indicates the applicable guideline range and how that range was chosen. See United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006).

In the instant case, Keller's firearms conviction carried a statutory minimum sentence of a consecutive term of five years of imprisonment.  See 18 U.S.C. § 924(c)(1)(A)(i).  The guidelines recommendation was the statutory minimum sentence of five years of imprisonment.  See U.S.S.G. § 2K2.4(b).  At sentencing, the district court heard Keller's arguments regarding his possession of the firearm.  The district court also stated that it had reviewed the sentencing memoranda, the Guidelines, the Government's motion for a downward departure based on substantial assistance, and the 18 U.S.C. § 3553(a) factors.  Therefore,

the district court's explanation of its reasons for the sentence imposed does not rise to the level of plain error.  See Rita, 127 S. Ct. 2469.

AFFIRMED.